UNITED STATES OF AMERICA
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 SEP 22  P 4:36

U.S. DISTRICT COURT
DISTRICT OF MASS.

CRIMINAL COMPLAINT
M.J. No. 03CR10370-DPW

| | |
|---|---|
| UNITED STATES | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN GRAHAM, ET AL. | ) |

### DEFENDANT'S MOTION FOR SEVERANCE
### PURSUANT TO RULE FED.R.CRIM.P. 14

Now comes the defendant, John S. Graham, Jr., in the above captioned matter and moves this Honorable Court, pursuant to Fed.R.Crim.P. 14, to sever his case from that of the co-defendants. In support of this motion, counsel for the Defendant states the following:

1. There is a serious risk that a joint trial would be unduly prejudicial to the Defendant, John S. Graham, Jr. *See Zafiro v. United States*, 506 U.S. 534 (1993). There is a clear danger that joinder of his case with that of the co-defendants would not only compromise Mr. Graham's trial rights, but would prevent the jury from making a reliable judgment about his guilt or innocence.

2. The Defendant is allegedly a minor player in a marijuana conspiracy charged under 21 U.S.C. § 846.[1] There is no evidence that Mr. Graham ever sold marijuana to any third party or received any remuneration whatsoever in relationship to his alleged involvement. On the other hand, the case against certain name co-defendants involves alleged large quantities of marijuana and cash as well as evidence of an

---

[1] *See, e.g.*, Affidavit of Special Agent Dennis Barton, dated November 15, 2003. Although the Affidavit consists of approximately seventy-five pages, Mr. Graham's alleged involvement is set forth in only approximately four pages. *See id.*, at ¶¶ 44-47 (Attached hereto as Exhibit A).

elaborate scheme. While the complaint does not present evidence that Mr. Graham bought or sold marijuana, it does present allegations against other codefendants for sale and distribution. As a result, a jury could misinterpret the evidence against the co-defendants and use it to erroneously convict Mr. Graham. *See United States v. Flaherty*, 668 F.2d 566, 582 (1st Cir. 1981). Where Mr. Graham's alleged involvement is first referenced in late July of 2003, (*See* Affidavit of Special Agent Dennis Barton, dated November 15, 2003, ¶ 76), the investigation had been underway for approximately two (2) years. When many defendants, who have substantially different degrees of alleged culpability, are tried together in a complex, single case, the risk of unfair prejudice is heightened. *See Zafiro*, 506 U.S. at 539 (citing *Kotteakos v. United States*, 328 U.S. 750, 774-75 (1946)). There is a clear danger that the evidentiary disparity between Mr. Graham and his codefendants might incorrectly lead the jury to conclude that he is guilty by his mere association with such individuals.

3. Mr. Graham's potential defenses may be antagonistic to those presented by the other codefendants. Severance is required where irreconcilable defenses exist such that the jury must convict one defendant if it believes the defense of another. *See United States v. Talavera*, 668 F.2d 625, 630 (1st Cir. 1982). One of Mr. Graham's defense alternatives include the possibility that he would concede receipt of small amounts of marijuana without distributing or selling to a third party and that as such he was not a party to his codefendants elaborate scheme to sell marijuana. While Mr. Graham would present evidence that he did not engage in the activities of distributing or selling, such a defense would necessarily demonstrate his

codefendants distribution of marijuana to a third party. Such a defense would therefore create undue prejudice to warrant severance of his case under Federal Rule 14.

Respectfully submitted,
JOHN GRAHAM
By his attorney,

William D. Crowe – BBO No. 106960
Adam A. Rowe – BBO No. 634885
CROWE & DUNN
141 Tremont Street, 8th Floor
Boston, Massachusetts 02111
(617) 367-6767

## CERTIFICATE OF SERVICE

I, William D. Crowe, Esq., hereby certify that I have this 22nd day of September, 2004, delivered a true copy of the foregoing document via hand delivery upon the following persons or entities:

Rachel E. Hersfang, AUSA
Michael J. Sullivan, United States Attorney
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, Massachusetts 02210

William D. Crowe