

**U.S. Department of Justice**

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

September 6, 2005

William Crowe, Esq.
Crowe & Dunn, LLP
141 Tremont St.
Boston, MA 02111

Re: <u>United States v. John Graham</u>
    Criminal No. 03-10370-DPW

Dear Mr. Crowe:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, John Graham ("Defendant"), in the above-captioned case. The Agreement is as follows:

   1.   <u>Change of Plea</u>

At the earliest practicable date, but in no event later than September 6, 2005, Defendant shall plead guilty to Count One of the attached Superseding Information, charging him with possessing marijuana, in violation of Title 21, United States Code, Section 844(a). Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in Count One of the Information, and is in fact guilty of that offense.

The U.S. Attorney agrees, at the time of sentencing, to dismiss the Indictment pending against Defendant.

   2.   <u>Penalties</u>

Defendant faces the following maximum penalties: a term of imprisonment of no more than one year; a mandatory, $25 special assessment; a fine of no less than $1,000 and no more than $100,000; and a fine of the reasonable costs of the investigation and prosecution of the offense, unless the court determines under Title 18 that the defendant lacks the ability to pay.

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

The parties agree to jointly take the following positions at sentencing with regard to offense conduct, adjustments and criminal history under the United States Sentencing Guidelines:

(A) <u>Base Offense Level</u>

The parties have agreed that the Defendant is responsible for at least 2.5 kilograms, but no more than 5 kilograms, of marijuana. Under the applicable provision of the USSG, Defendant's Base Offense Level for the charge contained in the Superseding Information is 4. However, the parties agree that, by application of USSG §2D2.1, application note 1, and by virtue of the drug quantity involved, an upward adjustment to defendant's Base Offense Level is warranted. The parties agree that the appropriate Base Offense Level to consult for sentencing in this case is 10.

(B) <u>Criminal History Category</u>

The parties have agreed that, based on the information currently known to them, Defendant's Criminal History Category is I.

(C) <u>Acceptance of Responsibility</u>

The U.S. Attorney's agreement that the disposition set forth below is appropriate in this case is based, in part, on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case.

The U.S. Attorney specifically may, at his sole option, be released from his commitments under this Agreement, including, but not limited to, his agreement that paragraph 4 constitutes the appropriate disposition of this case, if at any time between his execution of this Agreement and sentencing, Defendant:

    (a) Fails to admit a complete factual basis for the plea;

    (b) Fails to truthfully admit his conduct in the offenses of conviction;

>    (c)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;
>
>    (d)   Fails to provide truthful information about his financial status;
>
>    (e)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;
>
>    (f)   Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;
>
>    (g)   Intentionally fails to appear in Court or violates any condition of release;
>
>    (h)   Commits a crime; and/or
>
>    (i)   Transfers any asset protected under any provision of this Agreement.

Defendant expressly understands that he may not withdraw his plea of guilty, unless the Court rejects this Agreement under Fed. R. Crim. P. 11(c)(5).

4.   <u>Agreed Disposition</u>

The U.S. Attorney and Defendant agree pursuant to Fed. R. Crim. P. 11(c)(1)(C) that the following is the appropriate disposition of this case:

>    (a)   a term of incarceration of 6-12 months;
>
>    (b)   a mandatory special assessment of $25;
>
>    (c)   a fine of no less than $1000 and no more than $100,000; and
>
>    (d)   a fine of the reasonable costs of the investigation and prosecution of the offense, unless the court determines under Title 18 that the defendant lacks the ability to pay.

5.  **Payment of Mandatory Special Assessment**

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  **Probation Department Not Bound By Agreement**

The sentencing disposition agreed upon by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the United States Probation Office. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(C). Defendant cannot withdraw his plea of guilty unless the sentencing judge rejects this Agreement. If the sentencing judge rejects this Agreement, this Agreement shall be null and void at the option of either the United States or Defendant. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

7.  **Forfeiture**

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 21 U.S.C. §853 as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

8.  **Information For Presentence Report**

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

9.  **Civil Liability**

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

10. **Withdrawal of Plea By Defendant**

Should Defendant move to withdraw his guilty plea at any time, this Agreement shall be null and void at the option of the

U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement with the U.S. Attorney's Office, without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter with the U.S. Attorney's Office. This agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the proffer letter with the U.S. Attorney's Office. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

    If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney Rachel E. Hershfang.

                                        Very truly yours,
                                        MICHAEL J. SULLIVAN
                                      United States Attorney

By: _____
      LAURA J. KAPLAN, Chief
      Violent & Organized Crime
      Section

      Rachel E. Hershfang
      Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

John Graham
Defendant

Date: Sept 8 2005

I certify that John Graham has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

William Crowe, Esq.
Attorney for Defendant

Date: 9/8/05